**Bart J. DOUGHERTY, Appellant,**

v.

**HARPER'S MAGAZINE COMPANY.**

No. 75–1702.

United States Court of Appeals, Third Circuit.

Argued Jan. 20, 1976.

Decided June 22, 1976.

As Amended Aug. 4, 1976.

---

Bart J. Dougherty, pro se.

Cary J. Frieze, Pitney, Hardin & Kipp, Morristown, N. J., for appellee.

Before HUNTER, BIGGS and GARTH, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

The appellant, Dougherty, appeals the dismissal of his suit by the United States District Court for the District of New Jersey. Jurisdiction was alleged to exist pursuant to "the Civil Rights Acts of the United States" and by reason of diversity of citizenship. The allegations relating to diversity are odd indeed.[1] They state: "[p]laintiff is a resident of the State of New Jersey" and the "[d]efendant, Harper's Magazine Company [Harper's], has its place of business at 2 Park Avenue, New York, N. Y. . . . " Paragraph 3(a) of the complaint also avers that "[t]his is a civil action between citizens of different states wherein the amount in controversy exceeds the value of $10,000, exclusive of interest and costs." Dougherty complains that an essay on nutrition published in the June 1974 issue of Harper's Magazine, allegedly published by Harper's, is "7. . . . derogative of the civil right[s] of the plaintiff and others of Irish heritage. 8. The article complained of is false, malicious, scandalous and defamatory, and concern[s] the plaintiff . . . 10. Plaintiff is informed and believes and therefore avers that the

---

1. The complaint was filed by Norman Fischbein, Esquire, of the New Jersey Bar, Dougherty's attorney. Mr. Fischbein apparently erroneously regarded the word "resident" as the equivalent of "citizen" under U.S.C. § 1332.

Mr. Fischbein also attempted to cease representing Mr. Dougherty by simply writing a letter on May 7, 1975, addressed to the court, stating that he no longer represented Mr. Dougherty. Mr. Fischbein acted without regard for and in violation of Rule 18 of the Rules of the United States District Court for the District of New Jersey which requires leave of the court to withdraw. There is nothing in the record which shows that the court gave Mr. Fischbein leave to withdraw from his representation of Mr. Dougherty.

libel complained of was deliberate, intentional, the result of a conspiracy and designed to subvert his civil rights, to injure his good name, subject him to shame, infamy, ridicule, disgrace, abuse and injure him in his employment."

The article, which Dougherty asserts has damaged him and all other Irishmen, is entitled "Strangulation in the Open Air" and reads in part as follows: "Take the case of Terence MacSwiney, the Irish revolutionist and mayor of Cork who undertook a famous hunger strike in 1920 while a prisoner in a British jail. He lived for seventy-four days without so much as a morsel before dying of starvation. Admittedly one must take into account, in the case of MacSwiney, the thickness of an Irishman's skin and his preliminary state of preservation from alcohol, as well as the execrable climate of his island (which induces a kind of cheerful fatalism) and the glorious devotion to his cause. Nonetheless, seventy-four days without food remains a deathless reproach to the gluttony of Georgian England." The complaint also alleges a conspiracy between Harper's and Great Britain to instill a feeling of inferiority in Irish Americans. The complaint prays for damages, counsel fees and costs, and for injunctive relief.

A timetable of sorts is necessary for full understanding of the operative facts. On December 19, 1974, appellee's counsel filed an answer which stated, among other things, that "Harper's Magazine Company is not a corporation or other legal entity, but is a division of the Minneapolis Star and Tribune Company, Inc., a Minnesota corporation." Jurisdictional amount adequate for diversity was admitted. On April 8, 1975, counsel for the defendant moved for judgment on the pleadings, to dismiss the complaint pursuant to Rule 12(c), FRCP,[2] on the ground that the complaint did not state a claim upon which relief could be granted and, in the alternative, to strike pursuant to Rule 11, FRCP, on the ground that the claim was "sham and false". Harper's also asked for counsel fees and costs. The notice of motion stated that on the 28th day of April, 1975, at ten o'clock in the morning, the attorney for Harper's would move for relief sought by the motion.

It is clear from the affidavit of James Johnston that on April 8 the motion was hand delivered to Norman Fischbein, Esquire, still attorney of record for Dougherty. On April 9, 1975, the Clerk of court sent a letter to counsel for the defendant stating that no affidavit of mailing or acknowledgment of service accompanied Harper's motion to dismiss in defiance of Local Rule 12. This notice stated: "After curing the default, it will be necessary for you to serve and file a notice of a new hearing date which may not be less than 20 days after the service of such notice." No notice of a new hearing date seems to have been given, albeit there is a document, No. 16, addressed to counsel for defendant, stating: "[p]lease be advised that your motion for judgment on the pleadings dismissing the complaint, etc., previously defaulted, will be heard on April 28th, 1975 at 10:00 a. m. or as soon thereafter as may be heard." Copies of both of these papers, according to the documents themselves, were sent to Norman Fischbein, Esquire. According to the statement made by Mr. Dougherty in open court, Mr. Dougherty consulted Mr. Fischbein about the motions on April 21, 1975. This statement remains uncontradicted. However, before the return day of the motion, viz., April 28, 1975, on April 22, 1975, without notice to anyone, the trial Judge filed a "Letter Opinion and Order," and dismissed Dougherty's complaint apparently pursuant to Rule 12(b)(6), FRCP, for failure to state a claim upon which relief could be granted, and for want of jurisdiction. Dougherty stated in open court at the time

2. Rule 12(c) provides: "*Motion for Judgment on the Pleadings.* After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

of argument herein that he first learned of the disposition of his case from an account in a New York newspaper on April 22, 1975. Again, this statement was not contradicted. Dougherty, acting *pro se,* wrote the trial Judge in substance asking for rehearing. The Judge wrote a memorandum, after denying the request, stating: "[p]laintiff filed through counsel and only counsel can make any intended motions so long as he appears of record." Dougherty's letter was filed April 30, 1975, and the Judge's memorandum was filed May 1, 1975.

■ We need not decide in this case if a District Court on its own initiative may note the inadequacies of a complaint and dismiss it for failure to state a claim upon which relief can be granted. See *Literature, Inc. v. Quinn,* 482 F.2d 372, 374 (1st Cir. 1973), as follows: "While no motion to dismiss had been filed, a district court may, in appropriate circumstances, note the inadequacy of the complaint and, on its own initiative, dismiss the complaint. *Dodd v. Spokane County,* 393 F.2d 330 (9th Cir. 1968); 5 Wright & Miller, Federal Practice and Procedure: Civil, § 1357. Yet a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue." Rule 12(d), FRCP, requires that a Rule 12(b)(6) motion for dismissal or a 12(c) motion for judgment on the pleadings may be disposed of only after a hearing,[3] which affords an opportunity to present legal arguments either orally, in writing, or both at the District Court's discretion. The right to hearing is "the essence of our judicial system, and the judge's feeling that the case is probably frivolous does not justify bypassing that right." *Harmon v. Superior Court,* 307 F.2d 796, 797–98 (9th Cir. 1962), cited

with approval, *Urbano v. Calissi,* 353 F.2d 196, 197 (3d Cir. 1965) (per curiam). In *Jordan v. County of Montgomery, Pennsylvania,* 404 F.2d 747 (3d Cir. 1969), we held that an order dismissing a complaint under Rule 12(b)(6), entered without affording the plaintiff an opportunity to be heard, must be reversed. We note that in *Council of Federated Organizations v. Mize,* 339 F.2d 898 (5th Cir. 1964), the Court characterized as a denial of due process the entry of an order dismissing the complaint for failure to state a claim without giving the plaintiff an opportunity to be heard.[4]

■ The District Court bases a portion of its decision on the plaintiff's failure to meet the jurisdictional amount requirement. This finding is based on the fact that there was no demand and refusal of a retraction as required by N.J.S. § 2A:43–2, "and failing that, under the statute, the recovery of damages is limited to actual damages specially alleged and proved. The complaint does not allege special damage or, for that matter, any damage at all to plaintiff." However, the complaint specifically alleges that Harper's acted maliciously which, if proven, comes within an exception to the statute's actual damage rule. So, no actual damage allegation is necessary and there is an allegation of at least $10,000 in controversy, a fact admitted by the defendant. We have held that for a complaint to be dismissed for failure to meet the jurisdictional amount when the damages sought are not liquidated, it "must appear to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." *Jaconski v. Avisun Corp.,* 359 F.2d 931, 934 (3d Cir. 1966).[5] Since the face of the complaint does not refute plainly Dougherty's averment of jurisdictional

---

**3.** Written submission in lieu of hearing has been sanctioned under Rule 78, FRCP. There was no written submission in this case, and no authorizing order.

  Section 1915(d), Title 28, of course, provides as follows: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." The instant case, however, is not a proceeding *in forma*

*pauperis.* For proceedings under 28 U.S.C. § 1915(d), *see generally, Federal Judicial Center, Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts: Tentative Report* 31–35 (1976).

**4.** *Mayberry v. Prasse,* 449 F.2d 1266 (3d Cir. 1971) (per curiam).

**5.** In *Jaconski* we stated: "where the amount in controversy is challenged, the burden of proving the matter in controversy exceeds the juris-

amount, it was error for the District Court to dismiss the complaint without giving the appellant an opportunity, either orally or in writing, to respond and establish jurisdiction.

█ Another troublesome matter presented here is the failure of the District Court to comply promptly and properly with Rule 58, FRCP, Entry of Judgment, which provides that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." The trial Judge did not see fit to enter his judgment of dismissal as a separate document. Therefore, upon the record as originally presented to us we were without jurisdiction to adjudicate the appeal. Subsequently, the trial Judge, upon suggestion and in obedience to the Rule, entered a proper and adequate order on January 8, 1976. Appellant Dougherty, who by that time had parted ways with his counsel, at least *de facto*, has been acting *pro se*, and took no appeal from the order filed January 9, 1976. We will order that the notice of appeal filed by Dougherty on May 19, 1975, shall be deemed to be to the judgment of January 9, 1976, for to do otherwise would be a travesty of justice.[6]

The judgment will be reversed and the case will be remanded for action to be taken by the District Court consistent with this opinion.

dictional minimum rests upon the party alleging the sufficiency of the amount in controversy." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Wade v. Rogala*, 270 F.2d 280, 284 (3d Cir. 1959). Obviously, the party making the controverted jurisdictional allegation should be given an opportunity to support it, a course not pursued by the District Court here.

The Supreme Court has confirmed this principle. *See Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). It is hornbook law.

**6.** Rule 1, FRCP, provides: "*Scope of Rules.* These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. *They shall be construed to secure the just, speedy, and inexpensive determination of every action.*" (Emphasis supplied).

Mr. Fischbein, still counsel of record for Mr. Dougherty in the District Court since there was no court order relieving him of his duties (*see* note 1, *supra*), took no action to appeal the latter judgment.