LEVIN H. CAMPBELL, Chief Judge.
 

 This is an appeal by Deja Vu, Inc. and the Creditors’ Committee of Deja Vu, Inc. (Deja Vu) from the dismissal of a bankruptcy appeal by the First Circuit Bankruptcy Appellate Panel.
 

 While the merits of the underlying bankruptcy dispute are irrelevant, we must describe the procedural history. On December 21, 1982, the bankruptcy court entered an order resolving the merits of the dispute. Subsequently, on December 30, 1982, the Harbour House debtors filed a motion for modification of the December 21 order. On January 3, 1983, Deja Vu filed a notice of appeal from the December 21 order, along with a motion for modification. On January 7, 1983, Deja Vu withdrew its motion for modification and filed an opposition to the Harbour House’s motion for reconsideration. On January 26, 1983, the bankruptcy court entered an order partially granting the modification requested by Harbour House. On March 14, 1983, the Bankruptcy Appellate Panel, sua sponte, entered an order dismissing Deja Vu’s appeal from the December 21 order as interlocutory.
 

 Deja Vu seeks reversal of the dismissal on the ground that strict enforcement of the relevant procedural rule will cause injustice. That rule is Rule 3(b) of the First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts,
 
 *2
 
 Appellate Panels and Court of Appeals. It provides,
 

 The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed with the bankruptcy clerk by any party pursuant to the Bankruptcy Rules hereafter enumerated in this subdivision. The full time for appeal fixed by this rule [10 days] commences to run and is to be computed from the entry of any of the following orders made on a timely motion under such rule: ... (3) granting or denying a motion under Bankruptcy Rule 923 to alter or amend the judgment ....
 

 Since the notice of appeal was filed by Deja Vu
 
 after
 
 the Harbour House motion to amend was filed, but before an order was entered deciding that motion, the notice of appeal was clearly premature. No subsequent notice of appeal was filed.
 

 Appellant argues by analogy to former Rule 4(a) of the Federal Rules of Appellate Procedure which contained wording virtually identical to Rule 3(b). Under former Rule 4(a), a “motion to amend the findings tolled the time to appeal if it was not addressed to ‘mere matters of form but raised questions of substance.’ ”
 
 United States v. Crescent Amusement Co.,
 
 323 U.S. 173, 177, 65 S.Ct. 254, 256, 89 L.Ed. 160 (1944). In the instant case the motion by Harbour House requested a $50,000 amendment to the court’s $300,000 award. Although only a $10,000 change was granted, the motion plainly related to a question of substance. Furthermore, Deja Vu itself raised substantive issues in its motion for modification, which was subsequently withdrawn.
 

 While conceding that this circuit has no precedent directly on point, Deja Vu cites to several circuit courts which held under former Fed.R.App.P. 4(a) that premature notices of appeal were sufficient where recognition of them was needed to avoid a “travesty of justice.”
 
 Dougherty v. Harper’s Magazine Co.,
 
 537 F.2d 758, 762 (3d Cir.1976).
 
 See also Yaretsky
 
 v.
 
 Blum,
 
 592 F.2d 65 (2d Cir.1979);
 
 Stokes
 
 v.
 
 Peyton’s, Inc.,
 
 508 F.2d 1287 (5th Cir.1975);
 
 Song Jook Suh v. Rosenberg,
 
 437 F.2d 1098 (9th Cir.1971). Those cases, however, concerned motions which were subsequently denied after the notice of appeal was filed.
 
 [1]
 

 See
 
 C. Wright, A. Miller & E. Cooper,
 
 Federal Practice & Procedure
 
 § 3915 (1976). The motion for modification here was subsequently granted, thus distinguishing the present case from the cases relied on by appellant.
 
 [2]
 

 More importantly, appellant admits that the circuits were split on the application of former Rule 4(a).
 
 See Century Laminating, Ltd. v. Montgomery,
 
 595 F.2d 563 (10th Cir.),
 
 cert. granted,
 
 444 U.S. 897, 100 S.Ct. 204, 62 L.Ed.2d 132,
 
 cert. dismissed,
 
 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979);
 
 Stevens v. Turner,
 
 222 F.2d 352 (7th Cir.1955). These cases recognize that the dismissal of premature appeals prevents erosion of the final judgment rule. Neglecting that rule results in the theoretical inconsistency of two courts exerting simultaneous jurisdiction over a single case, with the concomitant practical problem of two courts deliberating simultaneously on the merits of an order.
 

 In
 
 Century Laminating,
 
 the Tenth Circuit rejected the argument, advanced by appellant here, that dismissing a premature appeal absent a showing of prejudice by the appellee would result in injustice. The court stated:
 

 Like all jurisdictional requirements [Rule 4(a)] is a technical one. However, it is based on important substantive policies regarding the finality of judgments and affects the very jurisdiction of this court.
 

 595 F.2d at 568. The court continued:
 

 Litigants — appellees as well as appellants — have a right to rely upon conform
 
 *3
 
 ity by their adversaries with applicable statutes and rules, especially when compliance -with the rule is a jurisdictional prerequisite to the appeal itself. Expense, inconvenience, and what a litigant may believe to be injustice, are unavoidable consequences of failure to abide by a statute or rule, e.g., a statute of limitations.
 

 595 F.2d at 568.
 

 The Tenth Circuit’s position is in accord with our own as expressed in a ease involving filing requirements of the U.C.C.:
 

 Efforts by courts to fashion equitable solutions, to mitigate the hardship on particular creditors of literal application of statutory filing requirements would have the deleterious effect of undermining the reliance which can be placed upon them. The harm would be more serious than the occasional harshness resulting from strict enforcement.
 

 Uniroyal, Inc.
 
 v.
 
 Universal Tire & Auto Supply,
 
 557 F.2d 22 (1st Cir.1977). We are bolstered in our belief that significant injustice will not result from strict adherence to Rule 3(b) by the Supreme Court’s interpretation of the present Fed.R.App.P. 4(a) in
 
 Griggs v. Provident Consumer Discount Co.,
 
 - U.S. -, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). In
 
 Griggs,
 
 the Court reversed a Third Circuit decision waiving the defects in a premature notice of appeal. The Supreme Court held that the premature filing was a nullity, since “the requirement of a timely notice of appeal is ‘mandatory and jurisdictional.’ ” - U.S. at -, 103 S.Ct. at 403 (quoting
 
 Browder v. Director, Illinois Department of Corrections,
 
 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978)). Although the new Rule 4(a) is different from our Rule 3(b), appellants’ claim of injustice is significantly undermined by the realization that the same result would necessarily obtain if the present appeal were governed by the Federal Rules of Appellate Procedure.
 

 We uphold the decision of the Bankruptcy Appellate Panel dismissing the appeal.
 

 Affirmed.
 

 [1]
 

 .
 
 Dougherty
 
 did not involve a motion, but rather a failure of the trial judge to enter an order after rendering a final disposition in the case. To penalize a litigant for such judicial negligence would certainly have been unjust.
 

 [2]
 

 . We do not intend to imply that we would reach a different result had the motion to amend been denied. We merely point out that the fact of subsequent denial of the motion, which conduces to relaxing the rule, is absent from this case.