**In re Robert GRIGELEVICH and William Grigelevich, d/b/a Grig's Country Nursery, Debtors.**

**Bankruptcy No. 8600744.**

United States Bankruptcy Court, D. Rhode Island.

Dec. 10, 1987.

William T. Murphy, Providence, R.I., for debtors.

Marcia McGair Ippolito, Chief Legal Officer (Taxation), Providence, R.I.

## ORDER DENYING THE TAX ADMINISTRATOR'S MOTION FOR ORAL PROOF OF CLAIM

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Submitted on memoranda, on debtors' objection to the Tax Administrator's "Motion for an Oral Proof of Claim."

The pertinent facts are as follows: On October 31, 1986, the debtors filed a petition for relief under Chapter 11. Listed in the petition as disputed debts were: taxes, interest, penalties and trust fund taxes owed to the Tax Administrator of the State of Rhode Island. Notice to all creditors, including the Tax Administrator, was given on November 5, 1986, indicating the filing of the petition and setting March 12, 1987, as the bar date for submitting proofs of claim.

More than three months after the deadline, on June 22, 1987, the Tax Administrator filed with the clerk of the Bankruptcy Court a written proof of claim for sales and use tax, in the amount of $24,648.01, and on July 24, 1987, the debtors filed their objection. On October 2, 1987, the Tax Administrator filed an unusual pleading which it has styled as a "Motion for an Oral Proof of Claim," and a hearing on the motion was held on October 28, 1987.

The debtors argue that because the Tax Administrator's proof of claim was filed out of time, the Court lacks jurisdiction to entertain the instant motion. In addition to their jurisdictional argument, the debtors also urge the principle of strict adherence to established time limits for the filing of proofs of claims. The Tax Administrator argues that subsequent to the filing of the Division's proof of claim filed on June 22, 1987, "the debtor arbitrarily [refused to acknowledge] said claims for sales and use taxes," *see* Memorandum in Support of the Tax Administrator's Motion for Oral Proof of Claim, and at the hearing made other general references to having received shabby treatment at the hands of the debtors, because of their opposition to the instant claim.[1]

---

1. Whatever possesses counsel for the Tax Administrator to argue that the debtors' attorney should subject himself to a malpractice claim by his client, by not objecting to the late filing, has not been made clear.

We need not labor extensively over the Tax Administrator's mysterious contention, because we agree with the debtor's argument that the issue is one of jurisdiction, and that late filing has placed the matter beyond this Court's authority. On the other hand, we will not reject the Administrator's argument without comment.

The Tax Administrator filed the claim in question 102 days after the bar date. Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is scheduled as disputed, must file a proof of claim within the time prescribed by Rule 3003(c)(3). There is no provision in the rule for an extension of time to file claims, after the original filing period has expired. In addition, Local Rule 19 requires that proofs of claim in Chapter 11 cases be filed within 90 days after the § 341 meeting, and as stated in the bankruptcy clerk's November 5, 1987 notice to creditors, the last day for filing proofs of claim in this case was March 12, 1987.

In accordance with what we consider to be the weight of authority, this Court has previously held that time limits set pursuant to Bankruptcy Rule 3003(c)(2) and Local Rule 19 are in the nature of a statute of limitations, and must be strictly adhered to. *See In re Greene*, 30 B.R. 729 (Bankr. D.R.I.1983); *In re Tavares*, 23 B.R. 129 (Bankr.D.R.I.1982); *see also In re Harbour House Operating Corp.*, 724 F.2d 1 (1st Cir.1983), and *Uniroyal, Inc. v. Universal Tire & Auto Supply*, 557 F.2d 22 (1st Cir.1977). The Court of Appeals for the Second Circuit has stated that "it cannot be said that when a claim has been scheduled by a debtor, the filing requirement imposing time limitations is a purposeless formality. For one thing, it insures that creditors know what they will receive under a plan within a reasonable time.... It would be inequitable ... not to have a cutoff date beyond which even claims on a scheduled indebtedness may not be filed." *Hoos & Co. v. Dynamics Corp.*, 570 F.2d 433, 439 (2d Cir.1978). In the instant case, there are no facts which would allow the Court to treat an informal, but timely filed, document as an imperfect proof of claim, which could later be amended to conform technically to the requirements of a proof of claim. Had such a document been filed by the Tax Administrator, and had he sought leave to amend such a document, the request would have to be treated liberally. *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584, 590 (9th Cir.1963). We would also be required to look favorably upon a motion to extend the time for filing claims, provided said motion was filed prior to the expiration of the original deadline. Here, the only reference to the Tax Administrator's claim prior to the bar date appears in the debtors' own recital of the item in the schedule of debts. It is well established that the listing of a creditor's claim in the debtor's schedules is not an adequate basis for filing a proof of claim out of time. *In re Greene*, 33 B.R. 1007 (D.R.I.1983), *Hoos & Co., supra.* Therefore, for the foregoing reasons, we must conclude as a matter of law that the debtors' objection to the Tax Administrator's "Motion for Oral Proof of Claim" be sustained, and it is so ordered.