**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3757
_____

CHARYLE G. EMEL,
                                        Appellant

v.

ELIZABETH SINGLETON, Postmaster; KIMBERLY WAITE, Postmaster;
STEPHANIE HOUSER, Clerk; ANDREW C. KATERMAN, JR., US Postal Inspector;
MICHAEL A. OLSAVSKY, Labor Relations Specialist; R.M. WALLACE, FMLA
Coordinator
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-09-cv-00664)
District Judge:  Honorable James F. McClure
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2011
Before:  FUENTES, GREENAWAY, JR., and COWEN, Circuit Judges

(Opinion filed May 12, 2011 )
_____

OPINION
_____

PER CURIAM

        Pro se appellant Charyle Emel appeals the District Court's dismissal of her

amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  We

have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007). For the reasons discussed below, we will affirm the District Court's judgment.

Emel worked as a window clerk for the United States Postal Service. According to the allegations in her complaint, the Postal Service terminated her employment on August 2, 2005, because it believed that she had stolen $60. Emel claimed, essentially, that she was innocent of the charge but had been framed by her coworkers and superiors. She instituted an administrative action with the Postal Service's Equal Employment Opportunity program, alleging that she had been discriminated against due to her race and mental illness, but was denied relief. As a result of the August 2, 2005 incident, she was charged in federal court with a misdemeanor, and ultimately pleaded guilty. In her complaint, she alleged that the Postal Service defendants[1] violated her due process rights by firing her without sufficiently explaining their reason for doing so; violated her rights under the Rehabilitation Act, 29 U.S.C. § 794,[2] by discriminating against her on account

---

[1]   Emel sued the following six employees of the Postal Service:  Elizabeth Singleton, Kimberly Waite, Stephanie Houser, Andrew C. Katerman, Jr., Michael A. Olsavsky, and R.M. Wallace. These individuals will be referred to as, collectively, the "Postal Service defendants."

[2]   Emel actually sued under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, but because the term "employer" under the ADA specifically excludes the United States and its agencies, 42 U.S.C. § 12111(5)(B), we assume that she intended to proceed under the Rehabilitation Act. See Hancock v. Potter, 531 F.3d 474, 478 (7th Cir. 2008). The District Court also evaluated the claim as arising under the ADA. However, because it concluded that the claim was barred by the ADA's 90-day statute of limitations, and the Rehabilitation Act also has a 90-day limitation period, see 29 C.F.R. § 1614.407, its analysis applies with full force to the reformulated claim. We

2

of her mental illness; and violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.

The Postal Service defendants filed a motion to dismiss. A magistrate judge issued a report that recommended that the District Court grant the motion; the District Court approved and adopted the report and recommendation in part. The Court concluded that Emel's due-process claim — which it treated as arising under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) — and Rehabilitation Act claim were barred by the applicable statutes of limitations. The Court further concluded that the complaint failed to state a claim under the RICO statute. However, the Court granted Emel leave to amend the complaint as to the RICO claim.

Emel filed an amended complaint in which she reasserted her RICO claim. The District Court, adopting the report and recommendation of the magistrate judge, concluded that Emel had failed adequately to plead the existence of a pattern of racketeering activity, and thus dismissed the amended complaint. Emel then filed a timely notice of appeal.

In her appeal, Emel raises two claims. Her first argument — and the focus of her briefs — is that her Seventh Amendment right to a jury trial was violated because the District Court dismissed her complaint rather than permitting the case to go to trial. Contrary to Emel's argument, however, "[n]o one is entitled in a civil case to trial by jury unless and except so far as there are issues of fact to be determined." Parklane Hosiery

---

will proceed as if Emel had raised, and the District Court had ruled upon, a claim under the Rehabilitation Act.

3

Co. v. Shore, 439 U.S. 322, 336 (1979) (internal quotation marks omitted). The District Court here concluded, as a matter of law, that Emel had failed to state a claim on which relief could be granted. This legal decision did not invade the province of the jury and thus did not violate Emel's rights under the Seventh Amendment. See, e.g., Smith v. Kitchen, 156 F.3d 1025, 1029 (10th Cir. 1997).[3]

Emel's second argument is that she is not barred under Heck v. Humphrey, 512 U.S. 477 (1994), from recovering money damages from the Postal Service defendants. The magistrate judge adverted to Heck only in passing in its first report and recommendation, and the District Court did not adopt that part of the report, dismissing the Rehabilitation Act and Bivens claims solely on the basis of the applicable statutes of limitations. Thus, Emel is entitled to relief on those claims only if she can show that the District Court's statute-of-limitations ruling was erroneous. Ironically, if Heck did apply, Emel might argue that rather than being time-barred, her Rehabilitation Act and Bivens claims have not yet accrued. See Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) (explaining that the Heck rule "delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action

---

[3]     Although Emel invokes the Seventh Amendment, her argument could also be construed to challenge the District Court's dismissing her case without holding an oral hearing. However, this argument also fails. The District Court has discretion as to whether to hold a hearing. See Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976); see also Fed. R. Civ. P. 78. Here, Emel was accorded several opportunities to be heard: she was permitted to file an amended complaint, she twice filed briefs in opposition to the Postal Service defendants' motions to dismiss, and she twice filed objections to the magistrate judge's reports and recommendations. In these circumstances, it was not an abuse of discretion for the District Court to determine that an oral hearing was unnecessary to determine, as a legal matter, whether Emel's amended complaint adequately stated a claim.

4

would impugn" (emphasis omitted)).  However, we agree with Emel that <u>Heck</u> is not implicated by these claims.  The claims challenge the Postal Service defendants' conduct in terminating her employment, and a judgment in her favor would therefore not "necessarily imply the invalidity of [her] conviction."  <u>Heck</u>, 512 U.S. at 487.  Hence, Emel's <u>Heck</u> argument does not help her in this appeal.

We have also independently reviewed the District Court's opinion, and discern no error.  As the District Court held, Emel's <u>Bivens</u> and Rehabilitation Act claims accrued, at the latest, when the final decision in Emel's administrative action was issued — that is, November 16, 2006.  She was required to file her <u>Bivens</u> claim within two years of that date, <u>see</u> <u>Napier v. Thirty or More Unidentified Fed. Agents</u>, 855 F.2d 1080, 1087 (3d Cir. 1988), and her Rehabilitation Act claim within 90 days, <u>see</u> 29 C.F.R. § 1614.407.  However, she filed her complaint on April 10, 2009, well past the applicable deadlines.  We similarly agree with the District Court's disposition of Emel's RICO claim.  In support of this claim, she has presented only conclusory or irrelevant allegations, which are wholly insufficient.  <u>See, e.g.</u>, <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 223-24 (3d Cir. 2004).  Accordingly, we will affirm the District Court's order dismissing Emel's amended complaint.