DLD-331                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1748
_____

LOUIS COPE,
Appellant

v.

SOCIAL SECURITY ADMINISTRATION; HHS ADMINISTRATION
COMMISSIONER; BEATRICE DISMAN, SSA Regional Admin Commissioner; POPE
PIOUS XI SAINT MARY SUB-ACCUTE FACILITIES; ST. MICHAEL HOSPITAL;
MID ATLANTIC PROGRAM SERVICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-06569)
District Judge:  Honorable Kevin McNulty
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B),
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2013

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 25, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Louis Cope appeals the District Court's order denying his motion for a default judgment and dismissing his amended complaint. For the reasons discussed below, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Cope's amended complaint, although rather opaque, appears to allege that while he was hospitalized at St. Mary's, some unnamed individuals rifled through the pockets of a shirt he was not wearing, found his bank-account numbers, copied them, and then forwarded that information to the Social Security Administration (SSA). Because of this disclosure, Cope alleges, the SSA realized that he had more than $2,000 in savings, and thus, pursuant to SSA policy, see 42 U.S.C. § 1382, terminated his Supplemental Security Income (SSI). Cope therefore sued various entities associated with St. Mary's (collectively, "St. Mary's") and individuals and entities associated with the SSA (collectively, "the SSA").

Cope filed a motion for a default judgment, which the District Court denied. St. Mary's and the SSA then filed motions to dismiss, which the Court granted. The Court concluded that Cope had failed to plead a federal claim against St. Mary's, and that to the extent that he did plead a claim, he had failed to raise his right to relief above a speculative level. As to the SSA, the Court held that Cope had failed to exhaust his administrative remedies. Cope then filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).[1] We review the District Court's denial of Cope's motion for a default judgment for abuse of discretion, see Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), and exercise plenary review over the District Court's order dismissing Cope's amended complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

As an initial matter, the District Court acted well within its discretion in denying Cope's motion for a default judgment. Most fundamentally, it appears that both defendants filed their responsive pleadings within the appropriate time after being served, which forecloses Cope's request for a default judgment. See, e.g., Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). Moreover, even if there were any delay, none of the relevant default-judgment factors militate in Cope's favor — he was not prejudiced by the (hypothetical) delay, there is no indication that the defendants were culpable, and the defendants had litigable defenses. See Chamberlain, 210 F.3d at 164. We therefore affirm the District Court's order as to this claim.

We further agree with the District Court's conclusion that Cope failed to plead a viable claim against St. Mary's. To avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Just as the complaint in Twombly contained only

_____

[1] The District Court dismissed Cope's amended complaint without prejudice, and provided him 30 days to re-plead. Cope, however, has elected to stand on his original complaint rather than amend or refile it, and the order dismissing the complaint without

3

"an allegation of parallel conduct and a bare assertion of conspiracy," 550 U.S. at 556, here Cope does not plead facts regarding who actually purloined his account information, when it happened, and how the communications between the individual(s) and the SSA occurred. Nor does the amended complaint contain any corroborating factual averments that the disclosure to the SSA truly happened; rather, Cope seems to assume that because his benefits were terminated, St. Mary's must have somehow been responsible. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (second alteration in original). Accordingly, we will affirm the District Court's dismissal of the claims against St. Mary's. See, e.g., W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169-70 (3d Cir. 2013).

We also agree with the District Court that Cope failed to exhaust his administrative remedies with respect to any claim that the SSA wrongly terminated his benefits.[2] In addressing this issue in the context of a motion to dismiss, we may consider both the allegations in Cope's complaint and the "indisputably authentic documents" that

prejudice is therefore final. See, e.g., Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

[2] The requirement in 42 U.S.C. § 405(g) that the plaintiff must complete the agency review process is non-jurisdictional and may be waived. See Bowen v. City of New York, 476 U.S. 467, 483 (1986). Therefore, the District Court should have relied on Rule 12(b)(6), rather than Rule 12(b)(1), in dismissing the complaint. See Anjelino v. N.Y. Times Co., 200 F.3d 73, 87 (3d Cir. 1999). Accordingly, "we will test the exhaustion . . . defense[] under Rule 12(b)(6)." Id. at 87-88.

the SSA has provided. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004). To exhaust administrative remedies, a claimant must seek review by an Administrative Law Judge (ALJ) and then the Appeals Council. See 20 C.F.R. §§ 416.1400(a), 416.1429. Here, Cope acknowledges in his amended complaint that he did not appeal the SSA's adverse decision to an ALJ, which is confirmed by the authentic records that the SSA presented. Therefore, Cope has not exhausted his administrative remedies. Moreover, he has not given any indication — even after being given the opportunity to re-plead — that exhaustion would be futile. See, e.g., Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998). Hence, we also affirm the District Court's disposition of this issue.

Finally, Cope complains that the District Court resolved these matters on the papers without holding oral argument. The District Court has discretion as to whether to hold a hearing. See Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976); see also Fed. R. Civ. P. 78. Here, Cope was accorded several opportunities to be heard: the District Court ordered him to respond to the motions to dismiss and invited him to amend his amended complaint, and he did in fact file several letters and memoranda in the District Court. In these circumstances, it was not an abuse of discretion for the District Court to determine that an oral hearing was unnecessary to determine, as a legal matter, whether Cope's amended complaint adequately stated a claim.

Accordingly, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.