**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2009
_____

GLENN HARDEN,
Appellant

v.

ABSOLUTE HOME MORTGAGE CORPORATION; CALIBER HOME LOANS INC.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS);
MERSCORP HOLDINGS, INC; ICE MORTGAGE TECHNOLOGY;
NEWREZ LLC; SHELLPOINT MORTGAGE SERVICING
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:24-cv-10402)
District Judge: Honorable Edward S. Kiel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2026
Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: March 26, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Glenn Harden appeals pro se from the District Court's order dismissing his complaint. We will affirm.

In November 2024, Harden sought to file an in forma pauperis ("IFP") complaint related to the defendants' alleged failure to provide him with notices and disclosures for the mortgage on his New Jersey property. He brought claims under the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Fair Debt Collection Practices Act, and various criminal statutes. The District Court granted his IFP motion, screened the complaint under 28 U.S.C. § 1915(e), and dismissed the claims brought under the criminal statutes, concluding that they were frivolous because the statutes that Harden cited did not provide a civil cause of action. The defendants then moved to dismiss the remaining claims. Harden filed responses that opposed the motion and requested reconsideration of the District Court's order dismissing his claims brought under the criminal statutes. The District Court denied Harden's motion for reconsideration and granted the defendants' motion to dismiss, concluding that each of the remaining claims was barred by the applicable statute of limitations. This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal orders. *See Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022), *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). A claim is frivolous where it depends "on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Dooley*, 957 F.3d at 374 (citations omitted). Dismissal for failure to state a claim is appropriate where a complaint has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We may affirm a District Court's order on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the Appellees that Harden has forfeited any argument regarding his claims that were dismissed based on the statute of limitations. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (stating that litigants forfeit claims that they fail to develop in an opening brief). And we agree with the District Court's conclusion that Harden's other claims, which were based on criminal statutes that he cited at the end of his complaint, were frivolous. *See generally Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute").

To the extent that Harden has argued that the District Court should have liberally construed the complaint to include a civil RICO claim, we discern no error. Harden's complaint contained no plausible factual allegations that the defendants here were engaged in a pattern of racketeering activity, and his vague pleadings under the criminal RICO provision at the end of his complaint failed to set forth the elements of a civil RICO claim. *See generally Rose v. Bartle*, 871 F.2d 331, 355–67 (3d Cir. 1989) (discussing the specificity necessary to plead civil RICO claims).

Harden has failed to develop any argument regarding the District Court's dismissal of his claims with prejudice and the District Court's denial of his request for reconsideration. *See In re Wettach*, 811 F.3d at 115. In any event, we discern no abuse of discretion here. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)

(discussing the standards governing a motion for reconsideration); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (explaining that amendment of a complaint would be futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted") (citation modified).  Harden argues that the District Court should not have canceled an oral hearing on the motion to dismiss, but we conclude that the District Court properly ruled on the motion after affording Harden the opportunity to file two written responses.  *See Dougherty v. Harper's Mag. Co.*, 537 F.2d 758, 761 (3d Cir. 1976).

Accordingly, we will affirm the District Court's judgment.[1]

---

[1] We grant the Appellees' motion to supplement the appendix.

4